1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

                            Plaintiff,

        v.

NAPHCARE, HSA, PIERCE COUNTY
JAIL, OLSON, WENDY, BALDERAMA,
PERO, WATKINS, GENGA,

                            Defendants.

Case No. C21-5541 LK-TLF

ORDER DECLINING SERVICE
AND GRANTING LEAVE TO
AMEND COMPLAINT

        This matter comes before the Court on plaintiff's filing of a civil rights complaint.

Dkt. 9. Plaintiff has been granted *in forma pauperis* status in this matter and is

proceeding *pro se*. Dkt. 8. Considering deficiencies in the complaint discussed below,

however, the undersigned will not direct service of the complaint at this time. On or

before **February 28, 2022**, plaintiff must either show cause why this cause of action

should not be dismissed or file an amended complaint.

## DISCUSSION

        The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

"at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

"fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

1   § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

2   *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

3         Before the Court may dismiss the complaint as frivolous or for failure to state a

4   claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her

5   complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v.*

6   *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co.,*

7   *Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir.

8   1987). On the other hand, leave to amend need not be granted "where the amendment

9   would be futile or where the amended complaint would be subject to dismissal." *Saul v.*

10  *United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

12  conduct complained of was committed by a person acting under color of state law, and

13  (2) the conduct deprived a person of a right, privilege, or immunity secured by the

14  Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

15  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

16  elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

17        Plaintiff's complaint appears to relate to the defendants failing to replace his

18  hearing aids after they were damaged by the arresting officer. Dkt. 9 at 3. Plaintiff did

19  not identify the arresting officer by name; thus, it is unclear if the arresting officer is one

20  of the named defendants. Plaintiff also claims that his grievances relating to his hearing

21  aids and alleged disability have gone unanswered. *Id.* Plaintiff alleges that defendants

22  acted with deliberate indifference to a serious medical need for hearing aids. *Id.* at 6-7.

23

24

25

He also alleges that his rights under the Americans with Disabilities Act (ADA) were violated. *Id.*

While Plaintiff names several individual defendants, he fails to allege sufficient facts from which it may be inferred whether any of the named defendants personally acted, or omitted to act, in a manner that caused a violation of plaintiff's constitutional or federal statutory rights. The complaint puts together all "defendants" and claims they have violated plaintiff's rights but fails to connect specific defendants to specific acts or omissions, and fails to allege facts concerning how any such acts or omissions may have been causally connected to violations of plaintiff's constitutional or federal statutory rights.

The Court cannot properly screen the complaint until plaintiff complies with the pleading requirements set forth in Rule 8 with respect to their claims. In this regard, plaintiff should list his factual allegations according to the claims that plaintiff is asserting as to each individual defendant -- rather than describing all of their factual allegations together against the defendants as a group. In addition, in order to state a claim, plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555-557 (2007). A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1949 (2009).

Plaintiff is advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In the amended complaint, plaintiff must write out short, plain statements telling the Court: (1) the constitutional or federal statutory right plaintiffs believe was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional or federal statutory rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

If the person named as a defendant was a supervisory official, plaintiff must (if he can do so in good faith) state facts to show: either -- that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above); or -- that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff must repeat this process regarding each non-supervisory, or supervisory, person he names as a defendant, including any "John Doe" and "Jane Doe" defendants. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed. *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1949 (2009).

The plaintiff should state all of his allegations relating to each claim under separate headings and within those headings should describe exactly what happened, who was involved – with descriptions of specific acts or omissions of any individual defendant who allegedly was involved, and also set forth any facts that would show how their individual involvement caused the alleged violation of federal law. If plaintiff fails to do so, the Court may recommend dismissal of insufficient claims.

In the following paragraphs, some of the legal standards that may apply to plaintiff's claims are set forth. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are supported by facts and law.

*Deliberate Indifference*

Based on plaintiff's asserted status as a pretrial detainee, the Court construes the complaint as purporting to state a claim under 42 U.S.C. § 1983 for a violation of plaintiff's Fourteenth Amendment rights to medical care. Yet plaintiff's complaint fails to provide sufficient factual allegations regarding defendants' conduct, and thus as currently written, it fails to state a claim for deliberate indifference to plaintiff's medical needs.

Under Section 1983, Plaintiff must show that each of the defendants was involved in violating the Constitution with individually culpable action or inaction. *Hines v. Youseff,* 914 F.3d 1218 1228 (9th Cir. 2019). Section 1983 actions may be not brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). Likewise, a supervising official may not be

held liable for violations made in accordance with a municipality's policy in lieu of the municipality. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Instead, only the individual actions of the defendants – whether participation or direction of the alleged violation, or knowing of the violation and failing to act to prevent it – can make a defendant liable for violations under his or her supervision. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S. Ct. 1058, 143 L. Ed. 2d 63 (1999).

To state a Fourteenth Amendment claim relating to medical care of a pre-trial detainee, a plaintiff must include factual allegations that a state actor acted, or failed to act, in a manner that shows deliberate indifference to his serious medical needs. *Gordon v. County of Orange,* 888 F.3d 1118, 1124-25 (9th Cir. 2018). The deliberate indifference standard under the Fourteenth Amendment (in contrast with the Eighth Amendment standard, that has a subjective component) is objective. *Id.*

The elements are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.,* at 1125. The defendant's conduct must be objectively unreasonable; concerning element (iii), plaintiff is required to show more than negligence, but less than subjective intent – "something akin to reckless disregard." *Id.* (citations and internal quotations omitted).

1    Here, plaintiff's complaint contains conclusory allegations that the

2  "jail/state/county" and "medical staff" failed to take action when plaintiff requested new

3  hearing aids. Dkt. 9 at 3. Plaintiff has not alleged what risks he faced or what harm he

4  suffered during the time alleged in the complaint. This is insufficient to demonstrate that

5  the defendants put plaintiff at substantial risk of serious harm, or that the defendants'

6  inactions had injured plaintiff. Further, if the allegations are purely that the defendants

7  denied grievances, and there are no allegations that they "directly participated,

8  encouraged, authorized or acquiesced" in the claimed harm, the necessary showing of

9  personal participation has not been made. *Hayes v. Dovey*, 2011 WL 1157532, at *6

10  (S.D. Cal. Mar. 28, 2011) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

11  1999)); *see Johnson v. Hayden*, 2012 WL 652586, at *3 (D. Or. Feb. 10, 2012) (citing

12  *Shehee*, 199 F.3d at 300) (it is not unconstitutional to merely deny a grievance).

13    Without further details of the defendants' conduct and affirmative link to a

14  resulting injury, the complaint is insufficient to bring claims against the defendants. *See*

15  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If plaintiff intends to pursue this

16  claim, he should include all of his factual allegations against *specifically* named

17  defendants relating to this claim in one section of the amended complaint. Their factual

18  allegations must support every element of the claim as described above.

19    *Americans with Disabilities Act (ADA)*

20    Plaintiff generally alleges violations of the ADA. However, it is unclear whether

21  plaintiff is alleging any specific defendants committed particular ADA violations, or

22  whether plaintiff is attempting to bring his ADA claims against defendants in their

23  individual or official capacities. To the extent plaintiff is attempting to bring these claims

24

25

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND COMPLAINT - 7

against defendants in their individual capacities, plaintiff fails to state a claim because individual liability is precluded under the ADA. *Stewart v. Unknown Parties*, 483 F. App'x 374, 374 (9th Cir. 2012) (citing *Lovell v. Chander*, 303 F.3d 1039, 1052 (9th Cir. 2002)); *see also Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (Title II of the ADA does not provide for individual capacity suits against state officials.).

To the extent plaintiff is attempting to bring ADA claims against defendants in their official capacities, the ADA provides a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

"To state a claim of disability[1] discrimination under Title II [of the ADA], the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). In order to recover money damages under Title II, a plaintiff must prove that he was discriminated against

---

[1] The term "disability" under the ADA means, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

intentionally and the Ninth Circuit uses the "deliberate indifference standard." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001). To prove intentional discrimination, Plaintiff must show: 1) that a public entity had knowledge that a violation of his rights under the ADA was substantially likely to occur; and 2) at a minimum, the public entity failed to act. *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).

Plaintiff has failed to allege facts showing defendants discriminated against him on the basis of his alleged disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.... The ADA does not create a remedy for medical malpractice.")).

If plaintiff intends to pursue this claim, he should include all of his factual allegations against *specifically* named defendants relating to this claim in one section of the amended complaint. Their factual allegations must support every element of the claim as described above.

## CONCLUSION

The Court DECLINES to serve the complaint which, as discussed above, is deficient. Thus, the Court grants plaintiff the opportunity to file an amended complaint to cure the above-mentioned deficiencies by **February 28, 2022**. The amended complaint must carry the same case number as this one. Plaintiff should list his claims in separately numbered paragraphs containing all relevant factual allegations relating to each separately numbered claim. The amended complaint will act as a complete

substitute for the prior operative complaint. Any cause of action alleged in the original complaint that is not alleged in the second amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. If the amended complaint is not timely filed, or fails to adequately address the issues raised herein, the Court may recommend dismissal of the action. The Clerk is directed to send plaintiffs the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.

Dated this 10th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND COMPLAINT - 10