UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

                Plaintiff,

v.

NAPHCARE, et. al.,

                Defendants.

Case No. C21-5541 LK-TLF

ORDER DENYING PLAINITFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motions for appointment of counsel. Dkt. 20, Dkt. 25. For the reasons discussed below, plaintiff's motions are denied without prejudice.

A plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved," to make an assessment whether exceptional circumstances

show that counsel should be appointed. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issues involved, and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand,* 113 F.3d at 1525.

Plaintiff has not shown that his claims are particularly complex or that he is unable to articulate the factual basis of his claims *pro se*. Plaintiff states that he suffers from a visual impairment which limits his ability to read and write to short periods of time. Dkt. 25. Plaintiff has not made a showing that his reported impairment prevents him from adequately litigating this action. Additionally, the plaintiff's complaint demonstrates that plaintiff has an adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of the claims.

Plaintiff states that he has made five unsuccessful attempts to retain private counsel to litigate this action. Dkt. 25. However, the inability to obtain counsel due to cost, or lack of availability, is not an exceptional circumstance. *See, Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998).

Further, plaintiff contends that he has limited legal knowledge and limited access to the law library. Dkt. 25. Legal knowledge deficiencies or limited access to a law library would not constitute an exceptional circumstance – pro se litigants would almost invariably encounter these difficulties. *See, Wood*, 900 F.2d at 1335 (noting that plaintiff's alleged limitations were "difficulties which any litigant would have in proceeding *pro se*.").

ORDER DENYING PLAINITFF'S MOTIONS FOR
APPOINTMENT OF COUNSEL - 2

This case does not, at this time, present extraordinary circumstances required for the appointment of counsel. The Court therefore denies plaintiff's motions for appointment of counsel (Dkt. 20, Dkt. 25) without prejudice. Plaintiff will be allowed to renew this motion if, at a later time in the proceedings, exceptional circumstances would require appointment of counsel.

Dated this 10th day of May, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINITFF'S MOTIONS FOR
APPOINTMENT OF COUNSEL - 3