UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

              Plaintiff,

v.

NAPHCARE, PIERCE COUNTY JAIL, OLSON, WENDY, MIGUEL BALDERAMA, PERO, WATKINS, GENGA, JONATHON SLOTHOWER, A VALENCIA, S BUAL,

              Defendants.

Case No. C21-5541 LK-TLF

REPORT AND RECOMMENDATION

NOTED FOR JULY 15, 2022

       This matter comes before the Court on Plaintiff's application for entry of default against Defendants Jonathan Slothower, Angela Valencia, Sabrina Shultz, and NaphCare, Inc. (Dkt. 35, Dkt. 36). Plaintiff is proceeding *pro se* and *in forma pauperis*. Dkt. 8. Plaintiff's motion is not supported by the facts. Because Defendants are not in default, this Court recommends plaintiffs motions be DENIED.

       "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Local Civil Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend."

REPORT AND RECOMMENDATION - 1

On March 15, 2022, the Court ordered service of plaintiff's amended complaint. *See* Dkt 16. The Court gave defendants 30 days to return the waivers of service; if defendants returned the waivers, they would have 60 days from the date the waivers were sent to file an answer or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. 16. Defendants timely filed waivers of the service of summons on April 14, 2022. Dkt. 23, Dkt. 24 As defendants returned the waivers of service, they had 60 days from March 15, 2022 (the date the waivers were sent) to file an answer or motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(d)(3). On May 16, defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(c)[1]. Dkt. 31.

Accordingly, as defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(c) was timely filed, defendants are not in default and plaintiff's motions (Dkt. 35, Dkt. 36) should be denied.

**CONCLUSION**

As defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(c) was timely filed and defendants are not in default, the Court recommends that plaintiff's motions to enter default judgment (Dkt. 35, Dkt. 36) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes

---

[1] Plaintiff argues in his reply brief that Defendants' 12(b)(6) motion (Dkt. 31) was untimely because even though it was mailed to Plaintiff on May 16, he did not receive the motion from the mail room until May 18. Dkt. 45 at 2. Under Rule 5(b)(c)(2) of the Federal Rules of Civil Procedure however, "a paper is served under this rule by mailing it to the person's last known address -in which event service is completed upon mailing." Because the motion was mailed on the 16th, Defendants properly served Plaintiff.

of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **July 15, 2022** as noted in the caption.

Dated this 28th day of June, 2022.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge