UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Danny Tabb,

Plaintiff,

v.

Naphcare et al ,

Defendants.

Case No. 2:21-5541-LK-TLF

REPORT AND RECOMMENDATION

NOTED FOR MARCH 24, 2023

This matter comes before the Court on Defendants Jonathan Slothower, Angela Valencia (erroneously identified as "A. Valencia"), Sabrina Schultz (erroneously identified as "S. Bual"), and NaphCare, Inc.'s ("Naphcare") (collectively, "Defendants") motion to dismiss plaintiff's claims under the Americans with Disabilities Act ("ADA") under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Dkt. 31[1].

The undersigned, on November 2, 2022, issued a recommendation that the Court should grant defendants' motion to dismiss plaintiff's claims under Section 1983 pursuant to FRCP 12(b)(6) without prejudice. Dkt. 90. However, the Court allowed the parties an opportunity to provide supplemental briefing on whether or not Naphcare or its employees are part of a "public" entity, or their individual acts or omissions could be attributed to a public entity so as to be proper defendants under the ADA. Dkt. 90 at 8.

[1] On March 7, 2023, the Court entered a minute order striking its Report and Recommendation at Docket 94. *See* Dkt. 99.

Defendants provided a supplemental brief on November 16, 2022. Dkt. 92. Plaintiff submitted a response on November 30, 2022; defendants filed their reply on December 7, 2022. Dkts. 92, 93. For the reasons explained below, the undersigned recommends that the Court GRANT defendants' motion to dismiss plaintiff's ADA claim against Naphcare, Mr. Slothower, and, to the extent it was plaintiff's intention to name them, defendants Valencia and Shultz.

**DISCUSSION**

Plaintiff alleges that Naphcare and Mr. Slothower violated his rights under the ADA when plaintiff was denied a replacement pair of hearing aids. The Court refers the parties to the complete recitation of the facts as set forth in its preceding Report and Recommendation. Dkt. 90 at 2-4.

The ADA applies to prisons and jails and prohibits discrimination against disabled persons. *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Pierce v. County of Orange*, 526 F.3d 1190, 1214 (9th Cir. 2008). The ADA provides a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A public entity under Title II of the ADA is defined in relevant part, as "(a) any State or local government;[or] (B) any department, agency special purpose district, or other instrumentality of a State or States or local government. . . ." 42 U.S.C. § 12131(1).

"To state a claim of disability discrimination under Title II [of the ADA], the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public

entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002).

In order to recover money damages under Title II, a plaintiff must prove that he was discriminated against intentionally and the Ninth Circuit uses the "deliberate indifference standard." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138–39 (9th Cir. 2001). To prove intentional discrimination, plaintiff must show: 1) that a public entity had knowledge that a violation of his rights under the ADA was substantially likely to occur; and 2) at a minimum, the public entity failed to act. *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap,* at 1139. An entity's failure to act "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* For ADA claims, a public entity would be vicariously liable for acts of its employees. *Id.* at 1141.

Construing the plaintiff's amended complaint liberally, plaintiff appears to allege that he has a disability with respect to his hearing and should have been qualified to receive replacements for his hearing aids. He does not specify whether he is hard of hearing, or has a complete hearing loss.

Even if the Court accepts as true, for purposes of analysis under Fed. R. Civ. P. 12(b)(6) that plaintiff properly alleged that his condition with respect to hearing would be a qualifying disability, and that he was denied a benefit or program that he would have

otherwise been entitled to from a public entity, the complaint is insufficient. Plaintiff has not alleged facts to plausibly show that Naphcare is a public entity, or that Naphcare, as a medical provider, was responsible for replacing his hearing aids.[2]

The Ninth Circuit has stated that Title II covers only public entities. *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1180 (9th Cir. 1999). Further, many courts have found that "a private entity does not become a public entity by providing services pursuant to a contract with the state." *Medina v. Valdez*, No. 1:08-cv-00456–BLW, 2011 WL 887553, at *3 (D. Idaho Mar. 10, 2011). *See also Abraham v. Corizon Health, Inc.*, 775 F. App'x 301, 303 (9th Cir. 2019) (finding that the district court properly dismissed plaintiff's Title II claim against Corizon Health, Inc., a private corporation, because only public entities are subject to Title II); *Green v. City of New York,* 465 F.3d 65, 79 (2nd Cir. 2006) (holding a private hospital performing services under a contract with a municipality, even if it did so according to the municipality's rules and under its direction, was not "a creature of any governmental entity. Instead, it is a parallel private entity."); *Edison v. Douberly,* 604 F.3d 1307, 1310 (11th Cir. 2010) (holding a private prison management corporation that contracted to provide prison management services to Florida was not a public entity within the meaning of Title II and that " 'instrumentality of a State' refers to governmental units or units created by them.").

Further, plaintiff did not allege facts to show employees of Naphcare would be proper defendants, and even if they were proper defendants, whether they had

---

[2] In plaintiff's supplemental response, he cites to and discusses the facts of several cases that relate to a defendant's responsibilities under the Eighth Amendment versus the ADA – the subject of this particular Report and Recommendation. Other than simply stating that the Naphcare defendants are proper defendants in this action, plaintiff does not provide any other support for this statement.

knowledge that a violation of plaintiff's rights under the ADA was substantially likely to occur. With respect to Mr. Slothower and the other individually-named defendants referenced in plaintiff's amended complaint, they are not subject to personal liability for violations of the ADA. *Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2009). The Court is not able to discern whether plaintiff is attempting to bring his ADA claim against Mr. Slothower in his individual or official capacity. To the extent plaintiff brings this claim against Mr. Slothower in his individual capacity, plaintiff's claim fails because individual liability is precluded under the ADA.

If plaintiff is attempting to bring ADA claims against Mr. Slothower in his official capacity working under contract with the Pierce County Jail and the public entity of Pierce County, the ADA provides a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff must allege the same four elements discussed above if he seeks to bring an ADA claim against Mr. Slothower (or any other individually named defendant) in his official capacity, as listed below:

"(1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002).

Plaintiff fails to allege facts showing that any of the individually-named defendants discriminated against him *on the basis of* his alleged disability. Plaintiff's ADA claim is based on defendants' alleged failure to replace his hearing aids. Hence, plaintiff's allegations about inadequate medical care are not actionable under the ADA. The ADA prohibits discrimination *because of* disability, not inadequate treatment for disability." *Simmons v. Navajo Cty,* 609 F.3d 1011, 1022 (9th Cir. 2010) (emphasis added) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.... The ADA does not create a remedy for medical malpractice.")).

Thus, plaintiff fails to state a claim under the ADA against Naphcare and Mr. Slothower. Further, although plaintiff did not identify any other individual moving defendant as an individual that violated his rights under the ADA, he does mention in passing Defendant Valencia and Defendant Schultz in his recitation of the facts supporting his ADA claim. It is unclear whether plaintiff intended to bring an ADA claim against Valencia or Schultz in their official capacities.

Accordingly, defendants' motion should be granted as to plaintiff's ADA claim against Naphcare, Mr. Slothower, and -- to the extent it was plaintiff's intention to name them, defendants Valencia and Shultz.

**CONCLUSION**

For the foregoing reasons, the Court recommends that plaintiff's ADA claims against the moving defendants should be dismissed without prejudice.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See*

*Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.' " *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

However, the court need not grant endless amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Ibeabuchi v. Penzone*, 744 F. App'x. 448, 449 (9th Cir. 2018) (no abuse of discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure previously identified deficiencies despite the opportunity to do so).

The Court should not provide another opportunity to amend. The Court has explained the deficiencies in the complaint and provided plaintiff an opportunity to correct them. *See* Dkt. 14 at 7-10. But plaintiff's amended complaint did not correct those deficiencies.

Plaintiff was also given an opportunity to provide supplemental briefing on this issue to explain whether Naphcare and/or its employees are proper defendants. Dkt. 90. Notwithstanding the Court's specific instruction, plaintiff has failed to allege any facts to show that the Naphcare defendants would be subject to liability under the ADA. Accordingly, plaintiff should not be given additional leave to amend, and his complaint should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 24, 2023 as noted in the caption.

Dated this 9th day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge