UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

                   Plaintiff,

      v.

NAPHCARE, et al.,

                   Defendants.

CASE NO. 3:21-cv-05541-LK-TLF

ORDER ADOPTING REPORTS
AND RECOMMENDATIONS AND
OVERRULING OBJECTIONS

This matter comes before the Court on three Reports and Recommendations ("R&Rs) from United States Magistrate Judge Theresa L. Fricke, Dkt. Nos. 85, 90, and 100; her order staying discovery, Dkt. No. 81; and the objections filed by pro se Plaintiff Danny Tabb, Dkt. Nos. 82, 87, 110. Having reviewed the record and the applicable law, the Court overrules Mr. Tabb's objections, adopts the R&Rs, dismisses Mr. Tabb's amended complaint, and grants him leave to file a second amended complaint, with the exception of certain of his ADA claims.

## I.      BACKGROUND

The Court adopts the recitation of the facts of this case set forth in the first R&R, Dkt. No. 85 at 2–4, but briefly recounts some relevant background for context.

1    Mr. Tabb, who is currently incarcerated at the Monroe Correctional Complex, filed a

2  complaint asserting claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act

3  ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that while he was a pretrial detainee at the Pierce

4  County Jail, Defendants failed to replace his hearing aids, which were damaged during his arrest.

5  Dkt. No. 9 at 1, 3, 5, 9; Dkt. No. 80. The Court screened the complaint because Mr. Tabb is a

6  prisoner proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b); Dkt.

7  No. 14 at 1–2. Judge Fricke explained that the complaint was deficient because it failed to

8  (1) "connect specific defendants to specific acts or omissions," (2) explain how the complained-of

9  conduct violated Mr. Tabb's rights, or (3) allege facts showing that Defendants discriminated

10  against him based on his disability. Dkt. No. 14 at 3, 9. Judge Fricke explained how those

11  deficiencies could be remedied, provided legal authority, laid out the elements of the claims Mr.

12  Tabb appeared to be asserting, and allowed him to file an amended complaint to address the

13  deficiencies. *Id.* at 3–10.

14    Mr. Tabb then filed an amended complaint—the current operative pleading—asserting

15  three claims. Dkt. No. 15. In Count I, he alleges that Defendant NaphCare, unnamed nursing staff

16  in "booking," and nursing staff who dispensed medication at the jail between December 23, 2020

17  and January 2, 2021 were deliberately indifferent to his medical needs and provided inadequate

18  medical care. *Id.* at 6–7. He further alleges that although he repeatedly informed staff that he had

19  something in his eye affecting his vision, he was ignored for approximately ten days. *Id.*

20  Eventually, he was transported to Harborview Medical Center where glass was removed from his

21  eye. *Id.* at 7. He ultimately lost vision in that eye. *Id.*

22    In Count II, Mr. Tabb alleges that the Pierce County Jail, Dr. Miguel Balderama, Lt. Gayle

23  Pero, Sgt. Douglas Watkins, Deputy Cody Olson, and Captain Tony Genga (collectively, the

24  "County Defendants"), along with NaphCare, Inc., Jonathan Slothower, and "Nurse Wendy"

violated his rights under the ADA by refusing to replace his hearing aids and telling him that he could follow up on the issue upon his release. *Id.* at 8–9. He also claims that as a result, he missed meals and medication pass "over 100 times," putting his safety and life in danger because he has epilepsy and needs to take anti-seizure medication. *Id.* at 9.

In Count III, he alleges that a subset of the County Defendants—Captain Genga, Lt. Pero, and Sgt. Watkins—and non-defendants Chief Jackson and Sgt. Rosenthal, violated his constitutional right to be free from cruel and unusual punishment by prohibiting him (and others in his unit) from enjoying recreational yard time starting on December 15, 2021. *Id.* at 9–10. He alleges that he was told the limitation was due to CDC and County health guidelines, but other units have been allowed recreation "the entire time." *Id.* at 10. He claims that these parties' conduct "deprived [him] of fresh air and sunlight and vitamin D" and caused emotional distress. *Id.*

A.    **County Defendants' Motion to Dismiss**

The County Defendants moved to dismiss Mr. Tabb's amended complaint under Federal Rule of Civil Procedure 12(c), arguing that the "Amended Complaint fails to state facts sufficient to maintain any cause of action against County Defendants." Dkt. No. 48 at 2. Judge Fricke recommended that the Court grant the County Defendant's motion to dismiss without prejudice and allow Mr. Tabb another opportunity to amend his complaint. Dkt. No. 85 at 1. She liberally construed his claim regarding the denial of replacement hearing aids as a claim under both the ADA and 42 U.S.C. § 1983. *Id.* at 6. As such, she considered whether the denial deprived him of rights under the ADA and also constituted a Section 1983 violation. *Id.*

Judge Fricke found that Mr. Tabb's allegations did not state an ADA claim because they complained only of "inadequate medical care," and "[t]he ADA prohibits discrimination *because of* disability, not inadequate treatment for disability." *Id.* at 7 (quoting *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of L.A.*, 833

F.3d 1060 (9th Cir. 2016) (en banc)). In contrast, "[i]f plaintiff cannot participate in certain programs or activities because he cannot hear, and plaintiff seeks a reasonable accommodation in the form of hearing aids, this would be within the scope of Title II of the ADA." *Id.* at 9. Judge Fricke also explained that the individual defendants are not subject to personal liability under the ADA. *Id.* at 8.

Judge Fricke further explained that, to the extent Mr. Tabb's hearing aid-related claim was brought pursuant to Section 1983, it likewise suffered from several deficiencies: Pierce County Jail (as opposed to the County itself) is not a proper party for a Section 1983 claim, *id.* at 9; Mr. Tabb did "not allege an affirmative causal link between a policy or custom and the alleged violation of his rights under the ADA," *id.*; and he did not allege a link between his hearing loss and his missed meals, missed medication, or seizures, *id.* at 10.

Due to these deficiencies, Judge Fricke recommended that the Court dismiss Plaintiff's hearing aid-related claims (whether under the ADA or Section 1983) against the County Defendants with leave to amend to remedy those deficiencies and "to allege facts, if any such fact[s] exist, demonstrating how his disability—being unable to hear—caused him to not be able to access services such as meals, and medications, or other ways in which he was discriminated against on the basis of a disability." *Id.*

Finally, Judge Fricke construed Mr. Tabb's claim that COVID-related restrictions on outdoor recreation constituted cruel and unusual punishment as arising under the Fourteenth Amendment because Mr. Tabb is a pretrial detainee. *Id.* at 11. Judge Fricke explained that he "did not sufficiently allege that any of the individually named defendants or Pierce County, through a policy or custom, violated his Fourteenth Amendment rights," but he should be granted leave to attempt to do so. *Id.* at 13.

Mr. Tabb filed objections to the R&R that included additional factual allegations and

arguments in support of his claims. Dkt. No. 87 at 1–8. He also asserted that he has had "extre[]m[e]ly limited or no access to a law library" during the pendency of this case due to COVID-19 restrictions, Defendants have not cooperated in providing unidentified discovery materials, and that his requests for the appointment of counsel have been denied. *Id.* at 1–4. Mr. Tabb also noted that he was "currently waiting for copies of the audiology test and report from DOC [Department of Corrections] medical records," and that he had been provided a hearing aid pursuant to a "Durable Medical Equipment Agreement" executed on September 29, 2022. *Id.* at 6. Defendants did not respond to those objections.

**B.    NaphCare Defendants' Motion to Dismiss**

Defendants NaphCare, Inc., Mr. Slothower, Sabrina Schultz (erroneously identified in the complaint as "S. Bual"), and Angela Valencia (collectively, the "NaphCare Defendants") filed a Rule 12(b)(6) motion to dismiss, arguing that Mr. Tabb's amended complaint failed to state a claim against them under Section 1983 and the ADA. Dkt. No. 31 at 1, 4–9.[1]

Judge Fricke issued an R&R recommending that the Court grant the motion and allow Mr. Tabb leave to amend his Section 1983 claim. Dkt. No. 90 at 1, 10. She explained that although Mr. Tabb alleged that NaphCare was deliberately indifferent to his medical needs regarding his eye, he did not assert facts to show that NaphCare or the other NaphCare Defendants were acting under color of state law. *Id.* at 6. Judge Fricke also explained that Mr. Tabb's Section 1983 claim against NaphCare appeared to be based entirely on the conduct of its employees, and "an entity may not be liable under Section 1983 for the acts of its employees on a respondeat superior theory." *Id.* at

---

[1] None of the filings directly addressed whether Mr. Slothower, Ms. Schultz, or Ms. Valencia were NaphCare employees, but the Court assumes they were since they were included in NaphCare's motion to dismiss, Dkt. No. 31 at 1, and those Defendants argued that "NaphCare and its employees are <u>not</u> proper defendants" for an ADA Title II claim, Dkt. No. 93 at 1. *See also* Dkt. No. 91 at 3 (arguing that "neither NaphCare nor its employees are appropriate defendants in a Title II ADA claim."). And as Judge Fricke noted, it is unclear whether Mr. Tabb intended to name Ms. Valencia and Ms. Schultz as defendants in his ADA claim, but the Court assumes that he did. Dkt. No. 100 at 5; Dkt. No. 15 at 8 (including ADA allegations against Ms. Valencia and the erroneously named "S. Bual").

6–7. Judge Fricke noted that Mr. Tabb referenced NaphCare's alleged policies in his response to the NaphCare Defendants' motion, and in light of those additional allegations, it was possible that he could state a claim against NaphCare or its employees if given leave to amend. *Id.* at 7–8.

Turning to the ADA claim, Judge Fricke explained that because it appeared that NaphCare was a private entity, it and its employees "would not be statutorily authorized defendants under Title II of the ADA (regardless of whether this is a direct allegation under the ADA, or a Section 1983 claim with the ADA as the federal law upon which the claim is based)." *Id.* at 9. Because the parties had not addressed that issue, the Court ordered them to provide supplemental briefing. *Id.* at 9–10.

After the parties filed their supplemental briefs, Dkt. Nos. 91–93, Judge Fricke issued a third R&R, Dkt. No. 94. She subsequently struck that R&R based on "an inconsistency in the Court's recommendation on whether plaintiff should be given leave to amend his ADA claim" and issued a corrected R&R. Dkt. Nos. 99, 100. The corrected R&R explained that Mr. Tabb's ADA claim was deficient because he had "not alleged facts to plausibly show that Naph[C]are is a public entity, or that Naph[C]are, as a medical provider, was responsible for replacing his hearing aids." Dkt. No. 100 at 4. Nor did he allege that NaphCare's employees were proper defendants, or even if they were, that "they had knowledge that a violation of plaintiff's rights under the ADA was substantially likely to occur." *Id.* at 4–5. Furthermore, the individually-named NaphCare defendants "are not subject to personal liability for violations of the ADA." *Id.* at 5. And finally, Mr. Tabb did not allege that he was discriminated against based on his disability. *Id.* at 6 ("[P]laintiff's allegations about inadequate medical care are not actionable under the ADA."). Therefore, he failed to state an ADA claim against the NaphCare Defendants. *Id.* Judge Fricke recommended that the Court deny Mr. Tabb further leave to amend his ADA claims against the NaphCare Defendants because the Court had previously explained the claims' deficiencies to Mr.

1   Tabb, and he had not corrected them or shown that the NaphCare Defendants were proper

2   defendants for his ADA claims. *Id.* at 7–8.

3        Mr. Tabb alleged that he did not receive a copy of the corrected R&R, so the Court granted

4   his motion for an extension of time to file objections. Dkt. Nos. 108, 109. In his subsequently filed

5   objections, Mr. Tabb "agree[d] that NaphCare Inc. is a private entity and is not a proper defendant

6   under the ADA," but maintained that "NaphCare is a proper defendant under the Eighth

7   Amendment." Dkt. No. 110 at 2. In addition, he argued that his ADA and Eighth Amendment

8   claims should be allowed to proceed against Valencia, Slothower, Shultz, and Wendy Batchelor[2]

9   in their official and individual capacities. *Id.* at 1–2.

10  **C.    The Stay of Discovery and Objections**

11       While Defendants' motions to dismiss were pending, Mr. Tabb moved to compel

12  discovery, Dkt. No. 56, and Judge Fricke issued an order staying discovery. Dkt. No. 81.[3] She did

13  so "[i]n light of the fact that there is more than one dispositive motion pending before the Court

14  that could resolve all of plaintiff's claims and in an effort to not burden the parties with the cost of

15  discovery in the meantime[.]" *Id.* at 2.

16       Mr. Tabb objected to the stay, arguing that NaphCare did not serve him with its motion to

17  dismiss. Dkt. No. 82 at 1. He also stated that he "requested for the discovery materials prior to

18  defendants['] motion and [is] entitled to the discovery materials which could clearly prove [his]

19  case." *Id.*[4]

20

---

21  [2] Batchelor is identified only by her first name and job description in the Amended Complaint. Dkt. No. 15 at 4, 8.

    [3] Mr. Tabb has also moved for summary judgment, Dkt. No 52, and Judge Fricke indicated that she will address that
22  motion and his motion to compel discovery by separate order, Dkt. No. 114 (renoting those motions).

23  [4] In response to Mr. Tabb's claim that NaphCare did not serve him with its motion to dismiss, Judge Fricke instructed
    the Clerk to transmit to Mr. Tabb all documents filed in support and in opposition to NaphCare's motion to dismiss,
    renoted the motion to dismiss, and allowed Mr. Tabb more time to file any supplemental response to the motion. Dkt.
24  No. 84 at 1–2. He subsequently filed a supplemental response, Dkt. No. 88, which Judge Fricke considered in deciding
    her R&Rs on NaphCare's motion to dismiss, Dkt. Nos. 90, 100.

## II.    LEGAL STANDARDS

### A.    Standards for Reviewing a Magistrate Judge's Order on a Non-Dispositive Motion

Where, as here, a party objects to a magistrate judge's order on a non-dispositive motion, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This means that the Court reviews the magistrate judge's factual determinations for clear error, *Nichols v. Geico Gen. Ins. Co.*, No. 2:18-CV-01253-RAJ-MAT, 2020 WL 2832514, at *2 (W.D. Wash. June 1, 2020), a "significantly deferential" standard that "is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed," *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011) (cleaned up). The Court reviews the magistrate judge's legal conclusions de novo to determine whether they are contrary to law. *Nichols*, 2020 WL 2832514 at *2.

### B.    Standards for Reviewing a Report and Recommendation

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

1    **C.    Standards for Motions to Dismiss**

2        "After the pleadings are closed—but early enough not to delay trial—a party may move

3    for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when

4    the moving party clearly establishes on the face of the pleadings that no material issue of fact

5    remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios,*

6    *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "The principal difference

7    between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." *Dworkin v.*

8    *Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, the standard for evaluating a motion

9    under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard. *Chavez v. United States*,

10   683 F.3d 1102, 1108 (9th Cir. 2012).

11       When deciding a motion under the Rule 12(b)(6) standard, a court must assume the truth

12   of the complaint's factual allegations and credit all reasonable inferences arising from those

13   allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as

14   true conclusory allegations that are contradicted by documents referred to in the complaint."

15   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the

16   plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."

17   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the

18   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

19   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20   Although "detailed factual allegations" are not required, a complaint must include "more than an

21   unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels

22   and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

23   (quoting *Twombly*, 550 U.S. at 555); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134,

24   1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a

1    motion to dismiss).

2          Furthermore, a court "may 'generally consider only allegations contained in the pleadings,

3    exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Manzarek*, 519

4    F.3d at 1030–31 (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th

5    Cir. 2007)). A court is permitted to take judicial notice of matters of public record outside of the

6    pleadings. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A district court does

7    not abuse its discretion under Rule 12(d) when it does not consider matters that would require

8    conversion of a 12(c) motion into one for summary judgment. *See Barnes v. Kris Henry, Inc.*, No.

9    20-17141, 2022 WL 501582, at *1 (9th Cir. Feb. 18, 2022).

10                              **III.    DISCUSSION**

11          The Court considers each of the three R&Rs and Mr. Tabb's objections. As set forth below,

12   his objections to the R&R and to the discovery stay overlap, so the Court considers them together

13   in the following section. The Court does not consider matters that would require conversion of the

14   County Defendants' 12(c) motion into one for summary judgment.

15   **A.    The Court Dismisses the County Defendants with Leave to Amend**

16          Mr. Tabb objects to the R&R recommending that this Court grant—with leave to amend—

17   the County Defendants' motion to dismiss. Dkt. Nos. 85, 87. He first complains that restrictions

18   imposed in response to the COVID-19 pandemic have limited his access to the law library, that he

19   has been denied discovery, and that he needs his medical records to identify potential defendants.

20   Dkt. No. 87 at 1–3. He then lists additional facts and allegations to support his claims, attaching a

21   number of exhibits to bolster his arguments. *Id.* at 4–30.

22          With respect to Mr. Tabb's complaints regarding impediments to his prosecution of the

23   case, Judge Fricke has already invited him to seek extensions of time if he "continues to have

24   limited or no access to the law library." Dkt. No. 78 at 3. Furthermore, this case is only at the

pleading stage, and Mr. Tabb is responsible for stating a basis for his own claims regardless of discovery. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled." (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))); *see also* Fed. R. Civ. P. 8(a). If Mr. Tabb does not know the identities of certain individual defendants, he "may name a fictitious, or Doe, defendant in place of each unknown defendant." *Figueroa v. Clark*, No. 1:19-CV-00968-BAM(PC), 2020 WL 13443325, at *13 (E.D. Cal. Feb. 6, 2020) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)); *see also Mueller v. Ackley*, No. 3:22-CV-00283-MK, 2022 WL 1015268, at *2 (D. Or. Apr. 5, 2022) ("If plaintiff does not know the names of the individuals involved, he may name them as John Doe or Jane Doe defendants and seek to ascertain their identities through the discovery process if this action proceeds."). Plaintiff must allege what each Doe defendant did or did not do in violation of his rights.

Mr. Tabb also argues that Defendants should have automatically provided him with discovery at the inception of the case, *id.* at 2–3, but his argument is based on the Court's 2016 General Order authorizing a one-year pilot program to provide early discovery to pro se prisoners alleging Section 1983 claims against the Washington State Department of Corrections or its employees. *Id.* at 9–14; *see also* Amended General Order No. 09-16 at 1. That one-year program has ended. And regardless of the program's applicability, the deficiencies in his amended complaint are not confined to naming potentially incorrect defendants or other issues that discovery alone could remedy. *See* Dkt. Nos. 85, 90, 100. Mr. Tabb has not demonstrated how discovery would overcome those pleading deficiencies or shown that Judge Fricke erred in

ordering a stay of discovery when he has not yet stated a claim against any of the Defendants. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (explaining that a court may relieve a party of the burdens of discovery while a dispositive motion is pending).

In his objections to the discovery stay and to the R&R, Mr. Tabb asserts that he was not served with NaphCare's motion to dismiss. Dkt. No. 82 at 1; Dkt. No. 87 at 4. But he was subsequently provided with all filings related to that motion at the Court's direction and given additional time to respond. Dkt. No. 84 at 1–2 (directing the Clerk to send Mr. Tabb copies of all documents related to the motion); *see also* Dkt. No. 88 (Mr. Tabb's supplemental response). Therefore, the Court overrules Mr. Tabb's objections to Judge Fricke's order staying discovery. Dkt. Nos. 81, 82.

Mr. Tabb's objections to the R&Rs also assert new facts, Dkt. No. 87 at 5–6; Dkt. No. 110 at 4, 11–12, but those new facts only reinforce the conclusion that his amended complaint is deficient and that he should be allowed leave to amend to include his alleged facts in a second amended complaint. *See, e.g.*, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also Tejada v. Delbaso*, No. 3:18-CV-1096, 2022 WL 1275777, at *2 (M.D. Pa. Apr. 28, 2022) (a plaintiff cannot "raise a new legal theory for the first time in objections to a report and recommendation or otherwise amend a complaint in his objections."). Therefore, the Court overrules his objections, adopts the R&R, dismisses Mr. Tabb's claims against the County Defendants, and allows him leave to amend his claims against the County Defendants.

When amending his complaint, Mr. Tabb should pay careful attention to the deficiencies

identified by Judge Fricke. Dkt. No. 85 at 7–13. The Court briefly reviews such deficiencies.

### 1.   Count I: Deliberate Indifference to Medical Needs

Mr. Tabb has not stated a claim for deliberate indifference to his medical needs against the County Defendants under Section 1983. Claims for violations of the right to adequate medical care are evaluated under an "objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). To prevail under that standard, a plaintiff must allege that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Dkt. No. 85 at 11–12 (citing *Gordon*, 888 F.3d at 1125). The defendant's conduct with respect to the third element must be objectively unreasonable, i.e., more than negligence and something akin to reckless disregard. *Id.* at 12 (citing *Gordon*, 888 F.3d at 1125; *Castro*, 833 F.3d at 1071); *see also Russell v. Lumitap*, 31 F.4th 729, 738–41 (9th Cir. 2022).

In addition, a plaintiff must allege that each defendant personally participated in the conduct alleged to have violated due process. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). And where, as here, a plaintiff seeks to impose liability on a municipality such as a county, the plaintiff must allege that (1) the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); Dkt. No. 85 at 11. Municipal liability may be shown when an employee who committed the constitutional violation

was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). Municipal liability arising from an alleged failure to train jail staff requires allegations "that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

As Judge Fricke observed, the Pierce County Jail is not a legal entity capable of being sued under Section 1983, and the proper government defendant would be Pierce County. Dkt. No. 85 at 9. Furthermore, Mr. Tabb has not adequately alleged that each individual defendant's conduct meets the four factors required to establish deliberate indifference. *Id.* at 13; *see also* Dkt. No. 15 at 7 (vaguely alleging medical negligence by "staff at Pierce County jail"); *Burghart v. S. Corr. Entity*, C22-1248-TSZ, 2023 WL 1766258, at *3–4 (W.D. Wash. Feb. 3, 2023) (explaining the elements of a Section 1983 claim against individuals and against an entity).

### 2.   Count II: Violation of the ADA

The hearing aid-related allegations in Mr. Tabb's amended complaint do not state a claim under the ADA or Section 1983 against the County Defendants. To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements:

> (1) [T]he plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Dkt. No. 85 at 6–7 (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110-325, §§ 4(a), 8, 122

Stat. 3555); *see also Hacker v. Dart*, 62 F.4th 1073, 1085 (7th Cir. 2023). As Judge Fricke observed, Mr. Tabb has not alleged facts "showing that the Pierce County Jail discriminated against him *on the basis of* his alleged disability[.]" Dkt. No. 85 at 7.

Furthermore, although the Pierce County Jail is an appropriate defendant under Title II of the ADA, jail employees sued in their individual capacities are not: Title II does not create or allow a cause of action against individual government officials. Dkt. No. 85 at 8; *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002); *Gable v. Washington Corr. Ctr. for Women*, 857 F. App'x 918, 919 (9th Cir. 2021). Finally, as stated in the R&R, in order to recover money damages under Title II, a plaintiff must prove that he was intentionally discriminated against. Dkt. No. 85 at 7; *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)); *see also Watson v. Witty*, No. 2:16CV71 PLC, 2017 WL 930073, at *6 (E.D. Mo. Mar. 9, 2017). "The plaintiff must prove that the defendant public entity acted with 'deliberate indifference,'" meaning that 1) the public entity had knowledge that a violation of his rights under the ADA was substantially likely to occur; and 2) the public entity failed to act on that knowledge. *Cohen v. City of Culver City*, 754 F.3d 690, 695 n.6 (9th Cir. 2014); Dkt. No. 85 at 7.

To the extent Mr. Tabb intends to bring a claim under Section 1983 based on the County Defendants' alleged violations of his right to adequate medical care in relation to his hearing aids, he must assert this as a separate cause of action and meet the pleading requirements set forth above with respect to Count I. *See Hestdalen v. Corizon Corr. Healthcare*, No. 2:18-CV-39 JAR, 2018 WL 3428766, at *3–4 (E.D. Mo. July 16, 2018); *Taylor v. Wexford Med.*, No. CV TDC-15-2395, 2017 WL 1194177, at *7 (D. Md. Mar. 30, 2017); *Morris v. Kingston*, No. 07-C-295, 2009 WL 10699611, at *6 (E.D. Wis. Sept. 3, 2009).

The Court also notes that Mr. Tabb's allegation that his "saf[e]ty and life ha[ve] been put in danger due to [the] negligence of medical staff" in not providing him a replacement for his

hearing aids, Dkt. No. 15 at 9, does not suffice to state a claim for medical negligence. To the extent he is alleging that any of the County Defendants committed healthcare malpractice, he must assert this as a separate cause of action and "satisfy traditional tort elements of proof: duty, breach, injury, and proximate cause." *Burghart*, 2023 WL 1766258, at *2 (quoting *Dunnington v. Virginia Mason Med. Ctr.*, 389 P.3d 498, 502 (Wash. 2017)). Specifically, a plaintiff seeking to recover for medical negligence must establish that (1) "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances" and (2) "[s]uch failure was a proximate cause of the injury complained of." Wash. Rev. Code § 7.70.040; *see also Tapia v. NaphCare, Inc.*, No. C22-1141-JCC, 2023 WL 3598357, at *3 (W.D. Wash. May 23, 2023).

### 3.   Count III: Unconstitutional Conditions of Confinement

Mr. Tabb's allegations against the County Defendants under Section 1983 relating to his conditions of confinement likewise fail to state a claim. As Judge Fricke observed, a pretrial detainee is protected under the Due Process Clause of the Fourteenth Amendment from unconstitutional conditions of confinement (rather than the Eighth Amendment Cruel and Unusual Punishment Clause). Dkt. No. 85 at 11 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971)). "Precedent teaches that the Fourteenth Amendment is more protective than the Eighth Amendment because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*." *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021) (cleaned up). By this standard, "[f]or a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." *Id.* (quoting *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004)). "This requires showing at least reckless disregard for inmates' health or safety." *Id.* In other words,

a plaintiff must allege that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Dkt. No. 85 at 11–12 (citing *Gordon*, 888 F.3d at 1125). The plaintiff must also allege that each defendant personally participated in the conduct alleged to have violated due process. *Jones*, 297 F.3d at 934.

Finally, where, as here, a plaintiff seeks to impose liability on a municipality such as a county, the plaintiff must allege that the county has a policy, custom or practice which amounted to deliberate indifference to that constitutional right, and the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty*, 654 F.3d at 900; Dkt. No. 85 at 11. Again, municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker," *Thomas*, 763 F.3d at 1170, and municipal liability arising from an alleged failure to train jail staff requires allegations "that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need,'" *Rodriguez*, 891 F.3d at 802 (quoting *Harris*, 489 U.S. at 390).

As with Mr. Tabb's Section 1983 claim related to his eye injury, the Pierce County Jail is not a proper defendant; the proper municipal defendant would be Pierce County. Dkt. No. 85 at 9. And again, Mr. Tabb has not adequately alleged that each individual defendant's conduct meets the four factors listed above. *Id.* at 13.

For the foregoing reasons, Mr. Tabb's objections to the R&R recommending that this Court grant the County Defendants' motion to dismiss are overruled. He may amend his claims in a second amended complaint.

**B.    The Court Dismisses Mr. Tabb's Claims Against the NaphCare Defendants**

The Court has reviewed Mr. Tabb's objections, Dkt. No. 110, and agrees with and adopts both R&Rs regarding the NaphCare Defendants. Dkt. Nos. 90, 100.

1.    Count I: Deliberate Indifference to Medical Needs

With regard to Mr. Tabb's claim that the NaphCare Defendants were deliberately indifferent to his medical needs, the Court agrees with Judge Fricke that the amended complaint does not allege or demonstrate that NaphCare and/or its employees were acting under color of state law as required to state a claim. *See, e.g.*, *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Nor does he allege facts showing how the individually named NaphCare Defendants caused, or personally participated in causing, the harm alleged in his complaint. *See Arnold v. I.B.M. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). As with Rule 8(a) pleading standards, vague and conclusory allegations of participation in civil rights violations are insufficient to support a claim under Section 1983. *See Ivey*, 673 F.2d at 268.

Here again, Mr. Tabb should pay careful attention to the deficiencies identified by Judge Fricke when amending his complaint. Dkt. No. 85 at 7–13. Specifically, to state a claim against NaphCare under Section 1983, Mr. Tabb must first adequately allege that NaphCare was a state actor; i.e., that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).[5] A plaintiff must satisfy at least one of

---

[5] Mr. Tabb argues in his objections that NaphCare was acting under color of state law, Dkt. No. 110 at 8, but again, the Court cannot consider those new arguments absent their inclusion in the complaint.

1   four tests for determining whether a private party's actions amount to state action: (1) the public

2   function test;[6] (2) the joint action test;[7] (3) the state compulsion test;[8] and (4) the governmental

3   nexus test.[9] *Tsao*, 698 F.3d at 1140.

4          Next, Mr. Tabb must adequately allege that NaphCare and/or the individual NaphCare

5   Defendants (to the extent sued in their professional capacities) (1) acted under color of state law,

6   and (2) that a policy, custom, or practice of NaphCare was the "moving force of the constitutional

7   violation" he suffered. Dkt. No. 90 at 7 (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436

8   U.S. 658, 694 (1978)); *see also Oyenik v. Corizon Health, Inc.*, 696 F. App'x 792, 794 (9th Cir.

9   2017). Finally, if Mr. Tabb is suing any NaphCare employees under Section 1983 in their

10  individual capacities, he must "specify the name of each employee and describe what each

11  employee of Naph[C]are did, or failed to do, whether they were acting under color of state law,

12  and how the acts or omissions caused a deprivation of plaintiff's constitutional rights." Dkt. No.

13  90 at 7; *see also Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019).

14         Accordingly, Mr. Tabb's Section 1983 claim against NaphCare, Mr. Slothower, Ms.

15  Schultz, and Ms. Valencia is dismissed without prejudice and with leave to amend to address those

16  deficiencies.

17

18  [6] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions
governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional

19  limitations." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1124 (9th Cir. 2022) (cleaned up), *cert.
denied*, 143 S. Ct. 749 (2023).

20  [7] The joint action test asks whether state officials and private parties have acted in concert in effecting a particular
deprivation of constitutional rights. *Tsao*, 698 F.3d at 1140. "This requirement can be satisfied either by proving the
existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State

21  or its agents," such that "the state has so far insinuated itself into a position of interdependence with the private entity
that it must be recognized as a joint participant in the challenged activity." *Id.* (cleaned up); *see also West v. Atkins*,
487 U.S. 42, 54 (1988); *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020).

22  [8] The state compulsion test asks whether the state has "exercised coercive power or has provided such significant
encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State."

23  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

24  [9] The governmental nexus test asks whether there is "pervasive entwinement of public institutions and public officials
in the private actor's composition and workings." *O'Handley v. Weber*, 62 F.4th 1145, 1157 (9th Cir. 2023) (cleaned
up).

The Court also notes that Mr. Tabb's allegations that (1) "the negligence of staff" resulted in him "permanently los[ing] the use and vision of [his] right eye," Dkt. No. 15 at 7, and (2) his "safety and life ha[ve] been put in danger due to [the] negligence of medical staff" in denying his request for hearing aids, *id.* at 9, do not suffice to state a claim for medical negligence. To the extent Mr. Tabb is alleging that any of the NaphCare Defendants committed healthcare malpractice, he must assert this as a separate cause of action and "satisfy traditional tort elements of proof: duty, breach, injury, and proximate cause." *Burghart*, 2023 WL 1766258, at *2 (quoting *Dunnington*, 389 P.3d at 502). Specifically, a plaintiff seeking to recover for medical negligence must establish that (1) "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances" and (2) "[s]uch failure was a proximate cause of the injury complained of." Wash. Rev. Code § 7.70.040; *see also Tapia*, 2023 WL 3598357, at *3.

2.     Count II: Violation of the ADA

The Court also adopts Judge Fricke's R&R and dismisses Mr. Tabb's ADA claim against the NaphCare Defendants without leave to amend. *See generally* Dkt. No. 100.

Mr. Tabb concedes that dismissal of his ADA claim against NaphCare is warranted because it is a "private entity." Dkt. No. 110 at 2; *see also Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1046–47 (N.D. Cal. 2012). However, he objects to dismissal of his ADA claim against the individual NaphCare Defendants in their individual and official capacities. *Id.*

Title II's prohibition against discrimination applies only to public entities: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any *such entity*." 42 U.S.C.

1   § 12132 (emphasis added); *see also City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 610

2   (2015) ("Only public entities are subject to Title II."); *Abraham v. Corizon Health, Inc.*, 775 F.

3   App'x 301, 303 (9th Cir. 2019) (affirming dismissal of a jail detainee's ADA Title II claim against

4   a private contractor).[10] Because "individuals[ a]re not liable under Title II of the ADA," Mr. Tabb's

5   claims against the NaphCare employees must be dismissed regardless of whether he named them

6   in their personal or official capacity. *Stewart v. Unknown Parties*, 483 F. App'x 374, 374 (9th Cir.

7   2012) (dismissing ADA claim against prison correctional staff).

8        For the foregoing reasons, Mr. Tabb's ADA claim against the NaphCare Defendants is

9   dismissed. The Court agrees with Judge Fricke that Mr. Tabb should not be given further leave to

10  amend his ADA claim against the NaphCare Defendants. Dkt. No. 100 at 7–8. Although leave to

11  amend should be freely given, the Court is not required to allow amendment where, as here, the

12  deficiencies cannot be cured by any amendment. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316

13  F.3d 1048, 1052 (9th Cir. 2003); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

14  Therefore, Mr. Tabb's ADA claim against NaphCare, Mr. Slothower, Ms. Schultz (erroneously

15  identified as "S. Bual"), and Ms. Valencia is dismissed without leave to amend. To avoid any

16  confusion, however, the Court clarifies that if Mr. Tabb wishes to assert a cause of action *other*

17  *than* an ADA claim against the NaphCare Defendants in relation to the denial of his hearing aids,

18  he may do so in a second amended complaint.

19                       **IV.   CONCLUSION**

20        For the foregoing reasons, the Court ADOPTS Judge Fricke's Reports and

21  Recommendations, Dkt. Nos. 85, 90, and 100, and OVERRRULES Mr. Tabb's objections, Dkt.

22

---

23   [10] Mr. Tabb does not allege that any other Title of the ADA is applicable. Although at least one court has held that a
privately operated office provided the "public accommodation" of medical care in a jail for purposes of Title III, *see,*

24  *e.g., Hernandez v. Cnty. of Monterey*, 70 F. Supp. 3d 963, 978 (N.D. Cal. 2014), the "weight of authority suggests that
prisons and prison medical facilities are not 'public accommodations' within the meaning of the ADA," *Gross v.
Landry*, 2:17-cv-00297-LEW, 2019 WL 1270922, at *10 (D. Me. Mar. 19, 2019) (collecting cases).

Nos. 82, 87, 110. Mr. Tabb's amended complaint is dismissed, and he may file a second amended complaint within 30 days of the date of this Order remedying the deficiencies identified by Judge Fricke and this Order. However, he is not permitted to refile his ADA claim against the NaphCare Defendants.

An amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Tabb believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, the case will be closed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Mr. Tabb at his last known address.

Dated this 20th day of July, 2023.

Lauren King
United States District Judge