UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Danny Tabb,<br><br>                    Plaintiff,<br>    v.<br><br>Naphcare et al ,<br><br>                    Defendants. | Case No. 2:21-5541-LK-TLF<br><br>ORDER DENYING MOTION FOR SERVICE BY U.S. MARSHALS AND REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT [NOTED FOR DECEMBER 15, 2023] |

This matter comes before the Court on Plaintiff's motion for service by U.S. Marshals (Dkt. 143) and motion for entry of default (Dkt. 145) against Defendants Patti Jackson-Kidder and Kevin Benton ("Defendants"). Plaintiff is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.

Plaintiff's Motion for Service by U.S. Marshals

In his motion, Plaintiff states that a notice of his lawsuit and a waiver of service was mailed to Defendants on September 28, 2023. Dkt. 143 at 1. The record shows that this notice and waiver was actually mailed on August 10, 2023. Dkt. 141. Nonetheless, Plaintiff states that Defendants failed to respond. *Id*. He, therefore, requests that the Court direct the U.S. Marshals Service to serve the summons upon Defendants. *Id*.

Plaintiffs who are authorized to proceed *in forma pauperis* are entitled to have their summons and complaint served by the U.S. Marshals. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, here, Defendants filed a Waiver of the Service of Summons

ORDER DENYING MOTION FOR SERVICE BY U.S.
MARSHALS AND REPORT AND RECOMMENDATION
TO DENY MOTION FOR DEFAULT [NOTED FOR
DECEMBER 15, 2023] - 1

on November 14, 2023, making Plaintiff's motion moot. Dkt. 144. Plaintiff's motion to compel service by a U.S. Marshal is therefore DENIED.

Plaintiff's Motion for Entry of Default

Plaintiff filed a motion for entry of default (Dkt. 145) and an accompanying declaration, both dated November 17, 2023 (Dkt. 146). Plaintiff claims he is entitled to default because Defendants failed to plead or otherwise defend against his claims. Dkt. 146, Tabb Decl., at 1-2. Specifically, he states that Defendants "failed to file an answer or a Rule 12 motion and to this date still have not." *Id*. at 2.

Upon motion by a party that is supported by an affidavit, the Court has discretion to enter the default of any party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Rules W.D. Wash. LCR 55(a); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Rule 12 of the Federal Rules of Civil Procedure outlines defenses available to parties in motions or responsive pleadings. Fed. R. Civ. P. 12(b).

Because motions to dismiss under Rule 12(b)(6) are "defenses," default is improper when a defendant files a timely motion to dismiss.

Here, Plaintiff claims that default is proper because Defendants have not plead or otherwise defended against his claims. Dkt. 146 at 1-2. His assertion is incorrect.

On August 24, 2023—fourteen days after Plaintiff filed his amended complaint—Defendants filed a timely motion to dismiss under Rule 12(b)(6). Dkt. 124 at 1. According to Fed. R. Civ. P. 12(b), "a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted". Any such motion and defense "must be made before pleading if a responsive pleading is allowed." *Id.*

Therefore, under Fed. R. Civ. P. 12(b), the defendants are properly following the Court Rules and defending this action. When the Court enters a decision on the defendants' Fed. R. Civ. P. 12(b)(6) motion, if the defendants' motion is denied, then the defendants will have time to file their answer -- either within 14-days of a denial of the motion, or on a different deadline if the Court enters an order setting another due date for the answer. Fed. R. Civ. P. 12(b)(4)(A). Entry of default is improper, and the Court should deny plaintiff's motion for default.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on December 15, 2023, as noted in the caption.

Dated this 30th day of November, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION FOR SERVICE BY U.S. MARSHALS AND REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT [NOTED FOR DECEMBER 15, 2023] - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ORDER DENYING MOTION FOR SERVICE BY U.S. MARSHALS AND REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT [NOTED FOR DECEMBER 15, 2023] - 4