UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Danny Tabb,<br><br>            Plaintiff,<br>    v.<br>Naphcare, et al.,<br><br>            Defendants. | Case No. 2:21-5541-LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 12, 2024 |

This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint. Dkt. 157. Defendants responded to Plaintiffs' motion. Dkts. 158, 159[1]. A party seeking to amend his complaint may seek leave of the Court. Fed. R. Civ. P. 15(a). Federal Rule 15(a) indicates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a liberal standard, leave to amend is discretionary and courts have identified a number of factors to consider when determining whether leave is appropriate. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors include undue prejudice, futility, and undue delay. *Id*.

Local Civil Rule (LCR) 15 requires a party who is seeking to amend a pleading to "attach a copy of the proposed amended pleading as an exhibit to the motion or

---

[1] At the time plaintiff's motion was filed and defendants NaphCare, Jamie Simpson, Ashley Valencia and Robert Wargacki responded to the motion, a notice of appearance by counsel had not been entered on behalf of Mr. Simpson, Ms. Valencia or Mr. Wargacki. The Court instructed counsel to enter their notice of appearance on March 15, 2024. Counsel entered their notice of appearance on March 22, 2024. Dkt. 162. Because the notice of appearance has now been filed, and considering judicial economy, the Court will accept Defendants' response (Dkt. 159).

REPORT AND RECOMMENDATION - 1

1  stipulated motion" and to "indicate on the proposed amended pleading how it differs
2  from the pleading that it amends by bracketing or striking through the text to be deleted
3  and underlining or highlighting the text to be added." This rule allows the Court and the
4  parties to review the specific allegations in the proposed amended complaint and
5  evaluate whether the amendment should be allowed, or whether the proposed
6  amendment would be prejudicial, or futile.
7      Here, Plaintiff states that he seeks to "add[] the status of confinement, specifically
8  being a pretrial detainee during the time of incident". Dkt. 157 at 1. He then further
9  states he intends to file an additional motion to amend at some unidentified point in time
10 "as there are named John Doe and Jane Doe defendants that will need to be identified."
11 *See id.*
12     Plaintiff is advised that it is necessary for him to comply with Local Civil Rule 15.
13 *See also Muñoz v. United States,* 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic
14 that pro se litigants, whatever their ability level, are subject to the same procedural
15 requirements as other litigants."). Plaintiff did not attach a copy of his proposed
16 amended pleading or indicate how his proposed amended pleading differs from the
17 operative complaint (Dkt. 121) by bracketing or striking through the text to be deleted
18 and underlining or highlighting the text to be added.
19     Because Plaintiff has not complied with the requirements of the Local Civil Rules,
20 Plaintiff's motion should be DENIED without prejudice.
21     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall
22 have fourteen (14) days from service of this report to file written objections. *See also*
23 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for
24
25

NOTED FOR APRIL 12, 2024 - 2

purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 12, 2024 as noted in the caption.

Finally, in light of this Report and Recommendation, the Court instructs the Clerk of the Court to re-note the pending motion to dismiss (Dkt. 151) to April 19, 2024.

Dated this 26th day of March, 2024.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR APRIL 12, 2024 - 3