UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

                Plaintiff,

    v.

NAPHCARE, et al.,

                Defendants.

CASE NO. 3:21-cv-05541-LK-TLF

ORDER DENYING MOTION FOR
RELIEF FROM JUDGMENT

This matter comes before the Court on Plaintiff Danny Tabb's "Motion to Reinstate Plaintiff's Second Amended Complaint." Dkt. No. 182. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

In July 2021, Mr. Tabb, who is proceeding pro se and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging that he was denied medical care and reasonable accommodations for his hearing impairment while incarcerated at the Pierce County Jail. Dkt. Nos. 1-1, 9. The Court declined to direct service of the complaint due to deficiencies in his claims but granted him leave to amend, and he filed an amended complaint. Dkt. Nos. 14–15. The Court then granted

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 1

Defendants' motions to dismiss the amended complaint and granted Mr. Tabb leave to file a second amended complaint, and Mr. Tabb filed his second amended complaint on August 10, 2023. Dkt. Nos. 118, 121.

In his second amended complaint, Mr. Tabb alleged, among other things, that he was denied medical care while incarcerated at the Pierce County Jail. Dkt. No. 121 at 7, 9–10, 13–14. All Defendants moved to dismiss, Dkt. Nos. 124, 126, and U.S. Magistrate Judge Theresa L. Fricke issued a Report and Recommendation ("R&R"). Dkt. No. 134. On May 1, 2024, the Court adopted the R&R in part, dismissing some Defendants and allowing Mr. Tabb's claims against others to proceed. *See generally* Dkt. No. 167.

At that point, Mr. Tabb stopped communicating with the Court. Several of the Court's orders, including the order partially adopting the R&R, were returned as undeliverable. Dkt. Nos. 168–170. On June 4, 2024, the Court ordered Mr. Tabb to show cause why his case should not be dismissed without prejudice for failure to keep the Court and other parties apprised of his current mailing address as required by Local Civil Rule 41(b)(2) and for failure to prosecute. Dkt. No. 172. Again, mail addressed to Mr. Tabb was returned as undeliverable. Dkt. Nos. 173, 175.

With no response or updated address from Mr. Tabb, Judge Fricke issued an R&R recommending that the Court dismiss the second amended complaint because Mr. Tabb had failed to prosecute his case, update his address, or respond to the order to show cause, and more than 60 days had passed since mail directed to him was returned as undeliverable. Dkt. No. 176 at 2–3. That R&R was returned as undeliverable. Dkt. No. 177. On July 31, 2024, the Court adopted the R&R, dismissed the second amended complaint without prejudice, Dkt. No. 178, and entered judgment the same day, Dkt. No. 179.

Over a year later, on November 21, 2025, Mr. Tabb filed this motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6) and to reinstate his second amended

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

complaint. Dkt. No. 182. Mr. Tabb states that when he was released from prison in February 2024, he initially had housing and was able to file notices when his address changed. *Id.* at 1; *see also* Dkt. No. 156 (notice of change of address effective February 1, 2024). However, "two weeks after that [his] housing was terminated and [he] became homeless without any address to use to receive mail[.]" Dkt. No. 182 at 2. Mr. Tabb states that he had no money for a post office box, no family to receive mail on his behalf, and his "living condition remained unstable and without any address to use for mail until being incarcerated on September 30, 2025." *Id.* None of the Defendants have responded to the motion.

## II.  DISCUSSION

Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just,' provided that the motion is made within a reasonable time *and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).*" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (emphasis added) (quoting Fed. R. Civ. P. 60(b)(6)). "Although Rule 60(b)(6) is a 'catch-all' provision, it does not apply to situations covered by any of the other reasons set forth in Rule 60." *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1217 (9th Cir. 2024) (citation modified). For that reason, "a district court should consider a Rule 60(b) motion under the subsection that most naturally applies to the motion's substance, regardless of the label used." *Id.* at 1216.

Here, the substance of Mr. Tabb's motion seeks relief for excusable neglect. Excusable neglect is "[a] failure—which the law will excuse—to take some proper step at the proper time . . . not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident[.]" Black's Law Dictionary (12th ed. 2024). Mr. Tabb did not take the proper steps at the proper time: he did not timely update his address or respond to the Court's order to show cause, and the Court thus dismissed his case.

Dkt. Nos. 172, 176, 178. Now, he avers that he was hampered from complying with the obligation to timely update his address with the Court until September 2025 because of an unexpected or unavoidable hindrance—his homelessness and unstable housing situation. Dkt. No. 182 at 1–2. Accordingly, Mr. Tabb is arguing excusable neglect, and the substance of his motion is properly considered under Rule 60(b)(1). However, because the motion was filed "more than a year after the entry of judgment," the Court may not review his request under Federal Rule of Civil Procedure 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1); *see also Icho v. Hammer*, 434 F. App'x 588, 589 (9th Cir. 2011) ("If a [Rule] 60(b)(1) motion is untimely, the district court lacks jurisdiction to consider the merits of the motion.") The Court therefore denies the motion on this basis.

Even if the Court were to consider the motion under Rule 60(b)(6), the Court would deny it. That rule provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for "any other reason that justifies relief." The Ninth Circuit has cautioned that Rule 60(b)(6) "should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Afoa v. China Airlines, Ltd.*, 817 F. App'x 369, 370 (9th Cir. 2020) (citation modified); *see also Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019). "Judgments are not often set aside under Rule 60(b)(6)," and a party moving for relief under this rule "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation modified).

Although the Court is empathetic to Mr. Tabb's period of homelessness and unstable housing, that alone does not constitute extraordinary circumstances under the facts presented here. *See, e.g.*, *Wheeler v. Las Vegas Metro. Police Dep't*, No. 2:22-cv-00124-CDS-DJA, 2025 WL

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 4

404138, at *1–2 (D. Nev. Jan. 6, 2025) (denying motion to reopen case and for relief from judgment filed by plaintiff who experienced a period of homelessness); *Goff v. Walters*, No. 1:18-cv-00904-KES-HBK (PC), 2024 WL 1722251, at *1–2 (E.D. Cal. Apr. 22, 2024) (denying motion for relief from judgment from plaintiff who asserted that "his failure to prosecute the action was due to his health problems, homelessness, and financial difficulties"). While Mr. Tabb avers that he lacked a physical mailing address, he does not state that his lack of stable housing precluded him from filing documents with the Court, checking on the status of his case, requesting an extension of time to update his address or respond to the order to show cause, or registering to e-file, which would have permitted him to file and receive documents electronically. Nor does Mr. Tabb state that he was unaware that Judge Fricke had issued an order to show cause, and later, an R&R recommending dismissal for failure to prosecute.

In addition, despite noting that he regained a stable living condition and mailing address in September 2025, Dkt. No. 182 at 2, Mr. Tabb does not explain why he was unable to file this motion earlier. *See generally* Dkt. No. 182. Accordingly, the Court cannot determine that he filed this motion "within a reasonable time" as required for relief under Federal Rule of Civil Procedure 60(b)(6). Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (affirming denial of Rule 60 motion when "[n]othing impeded appellant's awareness of the court's ruling and of all the relevant facts and law"); *Renteria v. Lizarraga*, No. CV 16-1568 RGK (SS), 2018 WL 6164258, at *3 (C.D. Cal. May 23, 2018) ("Petitioner has neither alleged nor demonstrated that circumstances beyond his control prevented him from filing his Motion in a reasonable time, let alone that such circumstances were sufficiently extraordinary to justify a nineteen-month delay[].").

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 5

Despite his pro se status, Mr. Tabb was obligated to prosecute his case diligently and follow court rules and orders. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants."). In sum, Mr. Tabb has not shown that "extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment." *Afoa*, 817 F. App'x at 370 (citation modified).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Tabb's motion for relief from judgment. Dkt. No. 182. As a courtesy, the Clerk is instructed to mail Mr. Tabb a copy of his second amended complaint as he requested.

Dated this 26th day of January, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 6