UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

                Plaintiff,

    v.

NAPHCARE, et al.,

                Defendants.

CASE NO. 3:21-cv-05541-LK

ORDER DENYING MOTION FOR RECONSIDERATION AND TO AMEND COMPLAINT

This matter comes before the Court on Plaintiff Danny Tabb's motion for reconsideration and to amend his complaint. Dkt. No. 185. Mr. Tabb seeks reconsideration of the Court's January 26, 2026 order, Dkt. No. 184, denying his motion for relief from the judgment. In the alternative, he seeks to file a third amended complaint. Dkt. No. 185 at 5. For the reasons described below, the Court denies the motion.

Motions for reconsideration are disfavored under the local rules, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d

ORDER DENYING MOTION FOR RECONSIDERATION AND TO AMEND COMPLAINT - 1

877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)). Movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

Mr. Tabb's motion does not meet the standard for reconsideration. He reiterates many of the same arguments he made in moving to vacate the judgment, *see* Dkt. No. 185 at 2–4, but repeating those arguments does not show that the Court erred. Mr. Tabb also presents some new facts about his personal circumstances after the Court entered judgment, *id.*, but he does not show that he could not have brought those facts to the Court's attention "earlier with reasonable diligence." LCR 7(h)(1). A motion for reconsideration does not "provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023). Accordingly, the Court denies Mr. Tabb's motion for reconsideration. Dkt. No. 185. Because the Court denies that request, it denies as moot Mr. Tabb's motion to amend his complaint in this closed case. Finally, Mr. Tabb asks for permission to file this third amended complaint "as a new complaint[.]" Dkt. No. 185 at 5. Because this case was dismissed without prejudice, Dkt. Nos. 178, 179, he does not need the Court's permission to do so, though it must be filed in a new case. *Fuller v. Christine Apartments LLC*, No. 3:25-CV-05823-TMC, 2025 WL 2987749, at *1 (W.D. Wash. Oct. 23, 2025) ("[A]fter a case has been dismissed without prejudice, a plaintiff must file his complaint in a new case and not refile it in the dismissed case." (citation modified)).

ORDER DENYING MOTION FOR RECONSIDERATION AND TO AMEND COMPLAINT - 2

For the foregoing reasons, the Court DENIES Mr. Tabb's motion for reconsideration and to amend his complaint. Dkt. No. 185.

Dated this 9th day of March, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND TO AMEND COMPLAINT - 3